IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVE DRILLING ENVIRONMENTAL ENGINEERING, INC.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MARGARET THERSIA GAMBLIN ET AL.,<br><br>　　　　Defendants. | No. CV 14-2851 CRB<br><br>**ORDER OF SUA SPONTE REFERRAL AS TO WHETHER CASES ARE RELATED** |

　　Northern District of California Civil Local Rule 3-12(c) provides: "Whenever a Judge believes that a case pending before that Judge is related to another case, the Judge may refer the case to the Judge assigned to the earliest-filed case with a request that the Judge assigned to the earliest-filed case consider whether the cases are related."

　　In the course of reviewing Fireman's Fund Insurance Company's Motion to Intervene (dkt. 38) in Case No. 14-2851 CRB, it came to the Court's attention that this action might be related to an earlier-filed case, initially captioned <u>Dave Drilling Environmental Engineering, Inc. v. Fireman's Fund Insurance Company</u> and subsequently amended to <u>Omo Fagbohungbe, an individual doing business as Dave Drilling Environmental Engineering, Inc v. Fireman's Fund Insurance Company</u>, Case No. 13-3801 WHO.  The earlier case was brought by the same Plaintiff as in this case, against the same Defendant, Margaret Gamblin,

as well as Fireman's Fund and other defendants. <u>See generally</u> Compl. (dkt. 1) in Case No. 13-3801 WHO; FAC (dkt. 9) in Case No. 13-3801 WHO; Compl. (dkt. 1) in Case No. 14-2851. The earlier case involved the same causes of action as the present action: violation of the Comprehensive Environmental Response, Compensation and Liability Act, continuing nuisance, continuing trespass, waste, and declaratory relief. <u>See id.</u> It also involved the same issue: soil contamination and subsequent remediation at a property located on Newbridge Street in East Palo Alto, California. <u>See</u> Compl. ¶ 1 in Case No. 13-3801 WHO; FAC ¶ 1 in Case No. 13-3801 WHO; Compl. ¶ 10 in Case No. 14-2851.[1] Judge Orrick wrote a ten page order in the earlier case, ruling on, among other things, Fireman's Fund's motion to dismiss, and service issues related to Gamblin. <u>See generally</u> Order on MTD (dkt. 49) in Case No. 13-3801 WHO. The earlier case ended in May 2014, when Plaintiff voluntary dismissed. <u>See</u> Order Dismissing Case (dkt. 61) in Case No. 13-3801 WHO. Less than a month later, Plaintiff brought this case, against Gamblin only, asserting that it intended "to collect any damages relating to this action from Fireman's Fund Insurance Company in its capacity as Defendant's insurer." <u>See</u> Compl. ¶ 13 in Case No. 14-2851 CRB. Plaintiff apparently failed to notify Fireman's Fund of the new case, <u>see</u> Mot. at 4 in Case No. 14-2851 CRB; Adams Decl. (dkt. 38-1) ¶ 3 in Case No. 14-2851 CRB, and—more significantly, as far as the Court is concerned—failed to file a Notice of Related Case.[2] This Court was thus unaware until now that the earlier case existed.

      Accordingly, pursuant to Rule 3-12(c), the Court REFERS this action to the

---

[1] The earlier case describes the property where defendants operated "Kitty Cleaners," a dry cleaning company, as 904 Newbridge Street, <u>see</u> Compl. ¶¶ 1-2 in Case No. 13-3801 WHO; FAC ¶¶ 1-2 in Case No. 13-3801 WHO, while the current case alleges that defendants operated Kitty Cleaners at 910 Newbridge Street, Compl. ¶ 5 in Case No. 14-2851 CRB. The parties do not explain the discrepancy but neither do they suggest that different properties are at issue in the two cases.

[2] Plaintiff asserts that "[d]ue to the fact that [the earlier case] was closed, Plaintiff's attorney did not believe that [the earlier case] had any relation to the present action for purpose of Civil Local Rule 3-12." Opp'n to Mot. (dkt. 41) at 6 in Case No. 14-2851 CRB. Of course, that Rule requires the filing of an Administrative Motion to Consider Whether Cases Should be Related "[w]henever a party knows or learns that an action . . . is (or the party believes that the action may be) <u>related to an action which is or was pending</u> in this District. . . ." Civ. L. R. 3-12(b) (emphasis added). The Court also notes that Plaintiff actually relies on arguments Fireman's Fund made in the earlier case in opposing intervention in this case. <u>See</u> Opp'n to Mot. at 11 in Case No. 14-2851 CRB ("[I]n case no. 3:13-CV-03801 WHO, FFIC claimed that it could not be sued under any of the causes of action listed in the Complaint").

2

Honorable William H. Orrick for a determination of whether this action is related to <u>Omo Fagbohungbe, an individual doing business as Dave Drilling Environmental Engineering, Inc v. Fireman's Fund Insurance Company</u>, Case No. 13-3801 WHO.

**IT IS SO ORDERED.**

Dated: June 10, 2015

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE