UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVE DRILLING ENVIRONMENTAL ENGINEERING, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MARGARET THERSIA GAMBLIN,<br><br>　　　　Defendant. | Case No. 14-cv-02851-WHO<br><br>**ORDER GRANTING MOTION TO INTERVENE, GRANTING MOTON TO SET ASIDE DEFAULT JUDGMENT, AND ALLOWING FILING OF AN AMENDED COMPLAINT**<br><br>Re: Dkt. No. 38 |

　　Plaintiff Dave Drilling Environmental Engineering, Inc., ("DDEE") brought this lawsuit approximately one month after it (or its owner, Omo Fagbohungbe) voluntarily dismissed a substantially similar lawsuit before me. The newer case includes essentially the same claims against one of the prior defendants, Margaret Gamblin, as the earlier one, but none against another prior defendant – Gamblin's alleged insurer, Fireman's Fund Insurance Company ("FFI"). DDEE did not file a notice of related cases as required by Civil Local Rule 3-12, so neither I nor FFI was aware of the existence of this case. DDEE then obtained a default judgment against Gamblin and filed an action in state court against FFI for damages arising out of the default judgment.

　　FFI moves to intervene, both as a matter of right and permissively for the purposes of setting aside the default judgment. The motion is GRANTED. In addition, due to DDEE's misconduct in bringing this second lawsuit without filing a notice of related cases, and due to other indicia of DDEE's bad faith in this action, I find that the requirements of both Rule 60(b)(3) and 60(b)(6) are satisfied. The default judgment against Gamblin is set aside.

## BACKGROUND

　　On August 15, 2013, Omo Fagbohungbe, dba DDEE,[1] filed the first lawsuit against

---

[1] DDEE was dismissed as a plaintiff because Fagbohungbe proceeded pro se, and failed to obtain counsel for a corporation as required by law. *See* No. 13-cv-03801-WHO, Dkt. No. 12.

Gamblin, FFI, and other insurance companies. Fagbohungbe filed three complaints in that matter, all of which alleged violations of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") § 107(a). *See Fagbohungbe v. Fireman's Fund Insurance Company*, No. 13-cv-03801-WHO, Dkt. Nos. 1, 9, 50. The first two complaints also brought causes of action based upon nuisance and trespass. 13-cv-03801-WHO, Dkt. Nos. 1, 9.

The Second Amended Complaint ("SAC") brought causes of action based on breach of contract, unjust enrichment, and promissory estoppel. Case No. 13-cv-03801-WHO, Dkt. No. 50. It alleged that FFI provided insurance coverage to Gamblin. *Id.* ¶ 2. According to the SAC, DDEE was hired to perform environmental cleanup on a property that had been contaminated by Gamblin's cleaning business. *Id.* ¶ 6. FFI allegedly "provided written assurances to Plaintiff regarding its willingness to pay for the cleanup costs." *Id.* ¶ 7. FFI then refused to pay for DDEE's services because it claimed that its insurance policy with Gamblin did not cover the cleanup. *Id.* ¶ 9. Gamblin filed for bankruptcy and was "discharged pursuant to the bankruptcy proceedings." *Id.* ¶ 10.

FFI filed a motion to dismiss the SAC, arguing that the complaint failed to state any claim, that the plaintiff lacked standing, that the court lacked jurisdiction, and that all the claims were time barred. Case No. 13-cv-03801-WHO, Dkt. No. 53. On May 28, 2014, Fagbohungbe filed a notice of voluntary dismissal, and the case was dismissed without prejudice on May 29, 2014. Dkt. Nos. 60, 61.

DDEE filed this case on June 20, 2014. DDEE, the sole plaintiff, brings causes of action against Gamblin, the sole named defendant, for violations of CERCLA § 107(a), and for nuisance, trespass, and declaratory relief. *See* Compl. (Dkt. No. 1). The Complaint is based upon the same facts as the complaints in the first lawsuit: DDEE performed cleanup work for Gamblin, and FFI refused to pay DDEE because it stated that the cleanup was not covered by Gamblin's insurance. *Id.* ¶¶ 8-14. The Complaint adds that Mohammed Karwash, the owner of the property where Gamblin operated her business, contracted with DDEE to clean up the contamination. *Id.* ¶¶ 5, 10. Karwash assigned his rights against FFI to DDEE. *Id.* ¶ 14. The causes of action for nuisance and trespass are brought based upon Karwash's rights as property owner.

2

In addition, the Complaint states: "Plaintiff is filing this action against Defendant Margaret Thersia Gamblin for the purpose of determining the liability of Defendant Margaret Thersia Gamblin in her capacity as a bankruptcy debtor in order to collect any damages relating to this action from Fireman's Fund Insurance Company in its capacity as Defendant's insurer." *Id.* ¶ 13.

Gamblin did not respond to the Complaint or otherwise appear in the case. *See* Dkt. No. 31 at 3. Magistrate Judge James issued a recommendation to grant DDEE's motion for default judgment, which Judge Breyer affirmed. *Id.*; Dkt. No. 35. He entered judgment in this case on December 16, 2014. Dkt. No. 36. On February 27, 2015, in Marin County Superior Court, DDEE filed a complaint for damages against FFI based on the default judgment. Dkt. No. 40. In response, FFI moves to intervene and set aside the default judgment. Mot. (Dkt. No. 38). Judge Breyer recognized that this case and my earlier one might be related and referred it for my review. Dkt. No. 43. Because they are obviously related, I so ordered. Dkt. No. 44. I heard argument on the motions to intervene and set aside the default on July 1, 2015.

## LEGAL STANDARD

Federal Rule of Civil Procedure 24 provides for both intervention as a matter of right and permissive intervention. Under Rule 24(a), a party may intervene as a matter of right if (i) a federal statute gives it an unconditional right to intervene, or (ii) the party "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." FED. R. CIV. P. 24(a). In deciding whether intervention as of right is appropriate, the Ninth Circuit is "guided primarily by practical and equitable considerations" and "generally interpret[s] the requirements broadly in favor of intervention." *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998).

Permissive intervention, governed by Rule 24(b), provides that the court may permit a party to intervene if (i) there is a conditional right to intervene provided in a federal statute, (ii) the party's claim or defense shares a "common question of law or fact" with the main action, and (ii) the intervention will not unduly "delay or prejudice the adjudication of the original parties'

rights." FED. R. CIV. P. 24(b). "In ruling on a motion to intervene, a district court is required to accept as true the non-conclusory allegations made in support of [the] intervention motion." *Koike v. Starbucks Corp.*, 602 F. Supp. 2d 1158, 1160 (N.D. Cal. 2009) (internal quotations omitted).

**DISCUSSION**

**I. FFI'S MOTION TO INTERVENE**

**A. Intervention as of right**

A party seeking to intervene under Rule 24(a)(2) must satisfy four requirements.[2] *United States v. Aerojet Gen. Corp.*, 606 F.3d 1142, 1148 (9th Cir. 2010). First, the motion must be timely. *Id.* Second, it "must claim a 'significantly protectable' interest relating to the property or transaction which is the subject of the action." *Id.* (internal quotation omitted). Third, it "must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest." *Id.* (internal quotation omitted). Finally, the party's interest must be inadequately represented by the other parties to the action. *Id.* (internal quotation omitted).

DDEE concedes that FFI's motion is timely and does not dispute that FFI may move for intervention after a judgment has been issued. Oppo. 8 (Dkt. No. 41); *see also Tweedle v. State Farm Fire & Cas. Co.*, 527 F.3d 664, 671 (8th Cir. 2008) ("nothing in Rule 24(a) precludes postjudgment or even post-appeal intervention"). FFI was served with DDEE's complaint to enforce the default judgment on March 9, 2015, and filed this motion on April 17, 2015. *See* Dkt. No. 38-1, Ex. C. Its motion was brought within six weeks of its notice of the action, and is timely. DDEE also acknowledges that "arguably . . . FFIC's alleged interest might not have been adequately represented" by Gamblin. Oppo. 8. I agree. Gamblin has not defended this case at all and has allowed a default to be entered against her, potentially to the detriment of FFI. Therefore, the fourth requirement is also satisfied.

The primary issue here is whether FFI has demonstrated "that it has a protectable interest relating to the property or transaction that was the subject of the current action." Oppo. 8-9.

---

[2] FFI does not argue that it has a right to intervene under a federal statute pursuant to Rule 23(a)(1). Although it points to the provisions of CERCLA, 42 U.S.C. § 9601, it states that these provisions allow intervention "on essentially the same terms" as under Rule 24(a)(2). Mot. 7.

There is no settled definition of "protectable interest." *Travelers Indem. Co. v. Dingwell*, 884 F.2d 629, 638 (1st Cir. 1989). DDEE cites to *Travelers Indemnity Co. v. Dingwell*, which provides that while there is "no dispute that an insurer has a direct interest in a lawsuit brought by an injured party against its insured when the insurer admits that the claim is covered by the policy in question," *see* 884 F.2d 629, 638, insurers that deny coverage or reserve their rights to deny coverage have only a contingent interest in the litigation that does not merit intervention under Rule 24(a)(2). Oppo. at 9.

*Dingwell*'s holding "reflect[ed] the well-established policy that an insurer who reserves the right to deny coverage cannot control the defense of a lawsuit brought against its insured by an injured party." 884 F.2d at 639. It found that "[a]llowing the insurer to intervene to protect its contingent interest would allow it to interfere with and in effect control the defense. Such intervention would unfairly restrict the insured, who faces the very real risk of an uninsured liability, and grant the insurer a double bite at escaping liability." *Id.* at 639 (internal quotations omitted). Many courts have followed this reasoning and concluded that an insurer who has reserved the right to deny coverage is not entitled to intervene as of right in an action involving its insured. *See*, e.g., *Restor-A-Dent Dental Labs., Inc. v. Certified Alloy Products, Inc.*, 725 F.2d 871, 875-76 (2d Cir. 1984); *California Dep't of Toxic Substances Control v. City of Chico, Cal.*, 297 F. Supp. 2d 1227, 1237 (E.D. Cal. 2004); *see also APL Co Pte Ltd v. Valley Forge Ins. Co.*, No. C 09-05641 MHP, 2010 WL 1340373, at *6 (N.D. Cal. Apr. 5, 2010) ("California law precludes an insurance company intervening on behalf of its insured from litigating coverage issues until after the completion of the underlying action, in order to avoid prejudice to the insured."); *Hinton v. Beck*, 176 Cal. App. 4th 1378, 1383 (2009) ("An insurer which refused to defend except upon a reservation of rights has only a consequential interest not justifying intervention in an action against its insured.").

At the same time, the law governing whether and when an insurer may intervene as of right in an action involving its insured is not well settled. *See Ross v. Marshall*, 426 F.3d 745, 759-60 (5th Cir. 2005) ("there is a dearth of authority on the question of whether an insurer that reserves its rights has a sufficiently direct interest to intervene as of right in a suit against its insured for the

5

purpose of appealing the judgment"). Several courts have found that insurers may intervene in circumstances where they do not seek to litigate to the detriment of the insured, such as when seeking to defend on appeal. In *Ross v. Marshall*, the court distinguished *Dingwell*, finding that an insurer could intervene under Rule 24(a)(2) to appeal an existing judgment because there was no danger that the insurer would "attempt to steer the jury towards a verdict holding its insured liable on non-covered grounds, or interject interrogatories harmful to its insured's interests." 426 F.3d 745, 759 (5th Cir. 2005). In *Bridge v. Air Quality Technical Servs., Inc.*, the court allowed an insurer to intervene on the question of damages because "[o]nce liability is established . . . the concern that insurer would use the liability phase of trial to establish non-coverage evaporates as does the concern that the insurer would get a double bite at escaping liability." 194 F.R.D. 3, 7 (D. Me. 1999) (internal quotations omitted). In *Restor-A-Dent Dental Labs*, the court acknowledged that intervention may be appropriate where an insurer "was already in the position of being directly affected by the litigation." 725 F.2d at 875. *See also California Dep't of Toxic Substances Control*, 297 F. Supp. 2d at 1237 (denying intervention because "[a]llowing the insurer to participate in the underlying suit . . . could interfere with and unfairly restrict the insured's defense").

This case is different from the typical situation in which an insurer seeks to intervene in a case where it has decided to defend the insured under a reservation of rights. First, because Gamblin never told FFI of this lawsuit, FFI never had the opportunity to defend Gamblin under a reservation of rights, and never actually stated whether it reserved its rights or whether it admitted coverage. Second, there is no danger that FFI will steer the defense in its own favor. FFI moves to set aside the judgment and its defense, as submitted in its proposed motion to dismiss, is that DDEE's complaint fails to state a claim and that the claims are time barred. *See* Dkt. No. 38-1, Ex. B.

Finally, DDEE's lawsuit against Gamblin appears to be a proxy lawsuit aimed at obtaining insurance proceeds from FFI. This is apparent since, in the prior lawsuit, DDEE directly sued FFI, and later, DDEE immediately brought a complaint for damages against FFI in state court after obtaining the default judgment in this case. Dkt. No. 38-1, Ex. B. To make matters crystal clear,

6

the complaint in this action sought to "collect any damages relating to this action from Fireman's Fund Insurance Company in its capacity as Defendant's insurer." Compl. ¶ 13. DDEE's counsel repeated as much at oral argument.

In moving to set aside the default judgment, FFI does not seek to litigate the merits of the action. *See*, e.g., *In re Rhodes*, 71 B.R. 206, 209 (B.A.P. 9th Cir. 1987). As discussed, allowing FFI to intervene to set aside the judgment will not give FFI the opportunity to steer the results of the litigation in its favor, or give it a "double bite at escaping liability." Instead, FFI is already directly affected by this litigation because Gamblin's liability was established though the default judgment and DDEE filed a state court action against it to obtain damages. As the cases above indicate, in such circumstances an insurer has a protectable interest under Rule 24(a), even if it has reserved its right to contest the issue of coverage. Because the traditional rule against allowing intervention as of right to insurers with a contingent interest does not apply, FFI's motion to intervene for the purpose of setting aside the default judgment implicates a protectable interest under Rule 24(a).

Finally, DDEE argues that FFI cannot satisfy Rule 24(a)'s third requirement that its interest is "so situated that disposing of the action may as a practical matter impair or impede [FFI's] ability to protect its interest." FED. R. CIV. P. 24(a)(2); Oppo. 10. It cites to the principle that claimants may not sue an insurer directly, but instead must obtain a judgment against the insured and then bring an action against the insurer to prove that the insurer's policy covers the relief awarded in the judgment. *Id.* Therefore, DDEE asserts that FFI's interest in this action was not impeded by its inability to intervene because it can still litigate the issue of coverage. *Id.* FFI counters that its interest was impeded because it was "deprived of any opportunity to defend Gamblin – or itself – against Plaintiff's lawsuit and to present defenses to Plaintiff's CERCLA cost recovery claims." Reply 3 (Dkt. No. 42). FFI contends that Gamblin may not even have been properly served with this litigation at all.

DDEE's argument that FFI's ability to protect its interest was not impaired essentially attacks FFI's interest in the action, and not its ability to protect that interest. For the same reasons that FFI has a protectable interest in setting aside the default judgment, its inability to intervene to

7

set aside the judgment would impair this interest. *See Ross*, 426 F.3d at 760-61 (argument that insurer may avoid liability by prevailing in coverage lawsuit "conflates [the insurer's] interest in avoiding coverage with its interest in minimizing or eliminating the liability of its insured").

I conclude that FFI may intervene under Rule 24(a) in order to move to set aside the default judgment.

**B. Permissive intervention**

"Permissive intervention to litigate a claim on the merits under Rule 24(b) requires (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992). An independent jurisdictional basis is not required where the intervenors do not seek to litigate the claim on the merits. *Id*. In addition, the Ninth Circuit has clarified that "the independent jurisdictional grounds requirement does not apply to proposed intervenors in federal-question cases when the proposed intervenor is not raising new claims." *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 844 (9th Cir. 2011). This is because the jurisdictional requirement of Rule 24(b) stems from the concern that "intervention might be used to enlarge inappropriately the jurisdiction of the district courts." *Id.* at 843.

Once again, DDEE concedes that FFI's motion is timely. It does not argue that there is no common question of law or fact. DDEE also does not argue that it will be prejudiced, and there is no indication that it will be. It has not articulated any harm other than the re-opening of the case and the delay in obtaining judgment. *See TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001), *as amended on denial of reh'g and reh'g en banc* (May 9, 2001) ("To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case."); *Morris v. Sandoval*, No. C 12-6132 LHK (PR), 2014 WL 2216367, at *2 (N.D. Cal. May 29, 2014), *appeal dismissed* (Oct. 29, 2014).

Instead, DDEE argues that I have no independent basis for jurisdiction, pointing out that I have already concluded that FFI is not a "responsible person" under CERCLA. Oppo. at 11-12. DDEE misunderstands the posture of this motion. FFI need not satisfy the jurisdictional

8

requirement of Rule 24(b) to intervene because it seeks to set aside the default judgment, which does not constitute litigation on the merits that would require an independent basis of jurisdiction. It also overlooks the fact that jurisdiction in this case is based on CERCLA and FFI does not seek to add new claims. *See Geithner*, 644 F.3d at 844.

The only remaining question is whether there is a common question of law and fact between FFI's defense and the main action. FFI's motion to set aside the default judgment is predicated on DDEE's failure to relate this action to the prior case that involved it and Gamblin. FFI, as Gamblin's alleged insurer, has a clear interest in the underlying action. Moreover, FFI's defense of the action, as set forth in the proposed motion to dismiss, is based on assertions that DDEE's complaint against Gamblin is time-barred and fails to state a claim. Therefore, there are common questions of law and fact between FFI's motions and the underlying action. FFI may intervene under Rule 24(b) in order to set aside the default judgment.

## II.   FFI'S MOTION TO SET ASIDE DEFAULT JUDGMENT

I next address FFI's motion to set aside the default judgment. FFI moves under Rule 55(c), which provides that default judgments may be set under the analysis of Rule 60(b). Mot. 10. When setting aside a default judgment based on good cause, I look to (i) whether FFI engaged in "culpable conduct that led to the default"; (ii) whether FFI has a meritorious defense; and (iii) "whether reopening the default judgment would prejudice" DDEE. *Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004) (internal citations omitted). If any of these factors weighs in favor of DDEE, I will not set aside the judgment. *Id.*

First, I note that FFI did not engage in any culpable conduct, as it did not even know of this action until March of 2015. Nor did Gamblin, as she simply failed to appear. Next, FFI/Gamblin have a meritorious defense. FFI's proposed motion to dismiss argues that all of the claims in the complaint are time barred. These claims appear to have merit, as FFI claims that the remediation occurred around 2007, barring the current claim under CERCLA that DDEE filed around 7 years later.[3] *See* Dkt. No. 40, Ex. D. Lastly, and as discussed above, I find that DDEE will not be

---

[3] The other causes of action are state law claims. If DDEE's CERCLA claims fail, there is no longer federal jurisdiction over the action.

1 prejudiced by setting aside the default judgment.

2     Next, I turn to the grounds upon which FFI seeks to set aside the judgment. FFI argues that the default judgment should be set aside under Rule 60(b)(3), 60(b)(6), and 60(b)(1). Mot. 11-13.

    Rule 60(b)(3) allows courts to set aside judgments where the opposing party engaged in "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct." Rule 60(b)(6) provides such justification for "any other reason that justifies relief." Courts may vacate judgments under Rule 60(b)(6) "whenever such action is appropriate to accomplish justice," but are cautioned to do so only in "extraordinary circumstances." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988) (internal citations omitted).

    In support of its argument to vacate the judgment under both Rule 60(b)(3) and 60(b)(6), FFI points to DDEE's "flagrantly violat[ing]" the Civil Local Rules, and DDEE's "quiet" filing of the second lawsuit against Gamblin, who is bankrupt, suggesting that DDEE pursued this course of action in order to unfairly obtain a judgment against it. Mot. 11-12. Civil Local Rule 3-12(b) states that:

> Whenever a party knows or learns that an action, filed in or removed to this district is (or the party believes that the action may be) related to an action which is or was pending in this District as defined in Civil L.R. 3-12(a), the party must promptly file in the lowest-numbered case an Administrative Motion to Consider Whether Cases Should be Related, pursuant to Civil L.R. 7-11. In addition to complying with Civil L.R. 7-11, a copy of the motion, together with proof of service pursuant to Civil L.R. 5-5, must be served on all known parties to each apparently related action. A courtesy copy of the motion must be lodged with the assigned Judge in each apparently related case under Civil L.R. 5-1(e).[4]

    DDEE never complied with this rule. Its contention that it did not believe it needed to file a notice of related cases because the prior case was closed and because the cases were sufficiently different is contradicted by the plain language of the rule, and at a minimum borders on a bad-faith assertion. *See* Oppo. 6, 14. Due to the nearly identical nature of the actions, DDEE should have

---

[4] Cases are related where "(1) The actions concern substantially the same parties, property, transaction or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." CIV. L.R. 3-12(a). As both Judge Breyer and I found, this case is related to my prior case involving DDEE, Gamblin, and FFI.

10

known that the cases were related. DDEE likely acted in bad faith, taking advantage of a bankrupt debtor against whom it had already litigated, by re-filing an action against her and concealing the suit from FFI.

I conclude that DDEE committed misconduct and that the requirements of Rule 60(b)(3) are satisfied. In doing so, I need not consider whether FFI has satisfied the requirements of Rule 60(b)(1) or 60(b)(6), although the totality of the circumstances described above most likely would also provide "extraordinary circumstances" that support vacating a judgment under Rule 60(b)(6) and "surprise" under Rule 60(b)(1).

## CONCLUSION

FFI's motion to intervene and to set aside the default judgment is GRANTED. The default judgment is VACATED. As requested by DDEE's counsel at the hearing, DDEE may have 21 days to file an amended complaint, which he stated at the hearing would focus on the CERCLA claim.

**IT IS SO ORDERED**.

Dated: July 2, 2015

WILLIAM H. ORRICK
United States District Judge

11